**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

SCOTT M. DAVIDSON,

        Plaintiff,

v.                                                                                    Civil Action No.: 1:25-cv-1249-MSN-WEF

JOHN C. WHITBECK, JR.,
JENNIFER T. DAVIDSON,
JAMES S. TOBIN, and GAIL TOBIN,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff Scott M. Davidson, proceeding *pro se*, filed this action against his former wife, Jennifer Davidson; her attorney, John C. Whitbeck, Jr., and James S. Tobin and Gail Tobin, alleging that Defendants conspired to violate his civil rights under 42 U.S.C. §§ 1983 and 1985, discriminated and retaliated against him in violation of the Americans with Disabilities Act ("ADA"), and engaged in a civil conspiracy under Virginia law.

Defendants filed a Motion to Dismiss for failure to state a claim (Dkt. 16). In addition to that pending motion, Plaintiff has also filed motions for leave to file a Second, Third, Fourth, and Fifth Amended Complaint (Dkt. Nos. 29, 33, 41, 43). The Motion to Dismiss has been fully briefed (Dkt. Nos. 23-1, 27) and this Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). For the reasons that follow, Defendants' Motion to Dismiss will be granted and Plaintiff's motions will be denied.

**I. Background**

Plaintiff initiated this action on July 29, 2025, by filing a Complaint asserting claims for substantive and procedural due process violations under 42 U.S.C. § 1983, conspiracy to violate civil rights under 42 U.S.C. § 1985(3), denial of access and accommodations under the ADA, 42 U.S.C. § 12132, and ADA retaliation under 42 U.S.C. § 12203 against Mr. Whitbeck. Dkt. 1.

On August 13, 2025, before any responsive pleading was filed, Plaintiff submitted a First Amended Complaint, adding Ms. Davidson, Mr. Tobin, and Mrs. Tobin as Defendants, revising the factual allegations, and asserting a claim for civil conspiracy under Virginia common law. Dkt. 7. Defendants subsequently filed a Motion to Dismiss for failure to state a claim and supporting brief on August 27, 2025. Dkt. Nos. 16, 17. Plaintiff filed an opposition on September 23, 2025 (Dkt. 21), followed by a Corrected Memorandum in Opposition on September 24, 2025, which Defendants did not oppose. (Dkt. Nos. 23, 25). In addition to addressing the Motion to Dismiss, Plaintiff's corrected memorandum alleged additional facts and asserted a new claim under 42 U.S.C. § 1985(2). Defendants filed their reply on October 1, 2025. Dkt. 27.

Before the Court ruled on the instant motion, Plaintiff filed a Motion for Leave to File Second Amended Complaint on October 8, 2025. Dkt. 29. Defendants indicated they would not oppose the motion in light of Plaintiff's *pro se* status but stated they would object to further amendment requests. Dkt. 32 at 1. On October 20, 2025, Plaintiff filed a Motion for Leave to File Third Amended and Supplemental Complaint, stating that the proposed complaint "streamlines the case to the most viable federal claims and adds more concrete, post-pleading facts that directly bear on ADA retaliation/interference and § 1985 conspiracy—without expanding the scope of the lawsuit." Dkt. 33, 34 at 1. The proposed Third Amended Complaint asserts claims for conspiracy against rights under 42 U.S.C. § 1985(3), conspiracy to obstruct justice under 42 U.S.C. § 1985(2),

and ADA retaliation and interference under 42 U.S.C. § 12203 and 28 C.F.R. § 35.134. Dkt. 33 at 8–10. Defendants filed an objection and Plaintiff replied. Dkt. Nos. 36, 37.

On December 29, 2025, Plaintiff filed a Motion for Leave to File Fourth Amended and Supplemental Complaint, followed the next day by a Motion for Leave to File Fifth Amended and Consolidated Complaint. Dkt. Nos. 41, 43. Plaintiff represents that the proposed Fifth Amended Complaint "consolidates prior pleadings into a single operative complaint, corrects formatting and structural issues, clarifies jurisdictional allegations, and includes post-filing facts directly relevant to Plaintiff's federal claims, including facts relating to obstruction of justice and retaliation following the initiation of this action." Dkt. 43 at 1. The Fifth Amended Complaint asserts claims for conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3), conspiracy to obstruct justice under 42 U.S.C. § 1985(2), and ADA retaliation and interference under 42 U.S.C. § 12203. Dkt. 43-1 at 19.

## II. Legal Standard

To survive a motion to dismiss for failure to state a claim brought under Fed. R. Civ. P. 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or

arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)).  Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion, *see Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015), but they "may consider documents . . . attached to the motion to dismiss, as long as they are integral to the complaint and authentic[,]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Finally, for purposes of Rule 12(b)(6), courts are "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### III. Allegations of the First Amended Complaint[1]

Plaintiff Scott M. Davidson is a resident of Fairfax County, Virginia and a medically retired United States Army Captain with a 100% permanent and total service-connected disability rating for post-traumatic stress disorder ("PTSD"), traumatic brain injury ("TBI"), and seizure disorder. First Amended Complaint ("FAC") ¶ 3.

John C. Whitbeck, Jr. is a Virginia attorney who practices primarily in family law and was appointed as a Special Justice for the Circuit Court of Loudoun County. *Id*. ¶ 4. Jennifer Davidson is Plaintiff's former spouse, and Defendants James S. Tobin and Gail Tobin are residents of Loudoun County, Virginia. *Id*. ¶ 7. Mr. Whitbeck represents Ms. Davidson in ongoing divorce

---

[1] For purposes of considering the Motion to Dismiss, the Court accepts all facts contained within the First Amended Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

proceedings between Plaintiff and Ms. Davidson, which began on November 21, 2023. FAC ¶ 11. Mr. Whitbeck also represents Mr. Tobin in a state defamation suit against Plaintiff. FAC ¶ 6, 41.

Plaintiff alleges that, around the time that divorce proceedings began, Ms. Davidson orchestrated a conspiracy with Mr. Whitbeck to make allegedly false allegations concerning Plaintiff's possession of firearms and calling into question his fitness to be a father during custody proceedings. FAC ¶¶ 8–10. Plaintiff alleges that the divorce proceeding and related events caused or contributed to a series of medical issues, including hypertension diagnosed in February 2024 and subsequent cardiac complications. FAC ¶¶ 13–16.

In November 2024, Plaintiff suffered a fall resulting in a traumatic brain injury and related medical treatment. FAC ¶ 17. Plaintiff alleges that subsequent medical evaluations documented ongoing neurological symptoms, a seizure, and other complications requiring treatment and certain accommodations. FAC ¶¶ 21–27.

As a result of these medical complications, Plaintiff requested certain medical accommodations during legal proceedings, which Defendants allegedly denied or mocked despite receiving medical documentation regarding Plaintiff's condition. FAC ¶¶ 29–33. For example, Plaintiff alleges that Ms. Davidson and Mr. Whitbeck "refused requests for modified visitation in February 2025, stating Plaintiff must take the children all weekend or receive no visitation, despite knowledge of Plaintiff's medical restrictions." FAC ¶ 33.

Plaintiff further alleges that on August 22, 2024, Mr. Tobin confronted Plaintiff on the grounds of Sycolin Creek Elementary School while in possession of a handgun, "lowered his car window and raised his middle finger toward Plaintiff," and "made a slitting motion across his throat," and pointed at Plaintiff and said, "I'm going to make you pay." FAC ¶¶ 37–38. Plaintiff alleges that he feared for his safety as a result of this encounter. FAC ¶ 40. Plaintiff further alleges

that on the same day, Mr. Tobin's wife, Mrs. Tobin, "orchestrated a confrontation" with Plaintiff involving Plaintiff's minor children by waiting inside the school vestibule with Plaintiff's daughters until Plaintiff arrived and then "attempting to physically push past Plaintiff with the children to create confrontation." FAC ¶ 42.

More broadly, Plaintiff alleges that Defendants conspired to systematically exploit their knowledge of his service-connected disabilities through legal harassment, physical intimidation, false accusations, and denial of medical accommodations in order to trigger medical episodes and cause him harm. FAC ¶ 52. Plaintiff also alleges that Mr. Whitbeck engaged in a pattern of bad faith litigation intended to inflict additional litigation costs and emotional distress on him. FAC ¶¶ 55–56.

## IV. Analysis

The First Amended Complaint contains five counts: (1) Deprivation of Constitutional Rights under 42 U.S.C. § 1983, (2) ADA Title II Discrimination under 42 U.S.C. § 12132, (3) ADA Retaliation under 42 U.S.C. § 12203, (4) Conspiracy Against Rights under 42 U.S.C. § 1985(3); and (5) Civil Conspiracy under Virginia law.  The Court will address each count in turn.

### A. Count I: 42 U.S.C. § 1983

In Count I of the First Amended Complaint, Plaintiff alleges that Defendants, acting individually and in conspiracy under color of state law, deprived him of rights secured by the First and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983. FAC ¶¶ 57–61.

"Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (cleaned up) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "To state a claim under

§ 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution and laws of the United States and (2) that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (numbers added). "Although a private person may cause a deprivation of such a right, he may be subjected to liability under § 1983 only when he does so under color of law." *Davis v. Hudgins*, 896 F. Supp. 561, 569 (E.D. Va. 1995), *aff'd*, 87 F.3d 1308 (4th Cir. 1996).

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 48 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). In other words, a public employee "acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50 (citations omitted).

However, the Supreme Court has held that, under certain circumstances, lawyers employed by the state do not act under color of state law when performing functions that require independence from the state. In *Polk County v. Dodson*, the Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S. 312, 325 (1981). In that role, the public defender "retains all of the essential attributes of a private attorney, including, most importantly, his 'professional independence,' which the State is constitutionally obliged to respect." *West*, 487 U.S. at 48 (citing *Dodson,* 454 U.S. at 321–322). Because a lawyer's ethical obligations require him to act independently and in the interests of his client, the Court concluded that a public defender representing a criminal defendant "is not acting on behalf of the State; he is the State's adversary." *Dodson,* 454 U.S. at 323, n. 13.

Count I fails because Plaintiff has failed to demonstrate that any of the Defendants acted under color of state law. Plaintiff alleges that Mr. Whitbeck "acted under color of state law in his capacity as an appointed Special Justice exercising judicial authority for the Circuit Court of Loudoun County, Virginia." FAC ¶ 49. Plaintiff further alleges that the other Defendants' "willful participation in joint activity with Mr. Whitbeck makes their conduct attributable to the state." FAC ¶¶ 50, 59.

Under Virginia law, special justices are judicial officers appointed by chief circuit court judges and authorized by statute to preside over certain matters, including mental health commitment proceedings. *See* Va. Code § 37.2-803. While special justices may act under color of state law when acting in their official capacity and exercising their judicial authority, the First Amended Complaint contains no factual allegations suggesting that Mr. Whitbeck acted, or purported to act, in that capacity during any of the events giving rise to this action.

To the contrary, Plaintiff makes clear that Mr. Whitbeck was acting as a private attorney representing Ms. Davidson and Mr. Tobin in connection with two civil cases against Plaintiff. *See generally* FAC. In fact, Plaintiff states in his Opposition to Defendants' Motion to Dismiss that Mr. Whitbeck served as special justice from 2005 to 2010 and that Mr. Whitbeck's prior special justice experience is "pled as knowledge and intent background, not as a present state function." Dkt. 23-1 at 3. Accordingly, Plaintiff does not allege, and nothing in the First Amended Complaint suggests, that Mr. Whitbeck exercised official judicial authority or performed any function pursuant to state law during the relevant events. Consistent with the reasoning of *Polk County v. Dodson*, Mr. Whitbeck's professional and ethical obligations as an attorney required him to act independently of the state and in the interests of his client, Ms. Davidson, at all relevant times. 454 U.S. at 325. Accordingly, he did not act under color of state law.

Because Mr. Whitbeck did not act under color of state law, Plaintiff's attempt to attribute state action to Ms. Davidson, Mr. Tobin, and Mrs. Tobin through their alleged conspiracy with Mr. Whitbeck necessarily fails. FAC ¶ 50. Because the First Amended Complaint alleges no independent facts suggesting that these private defendants acted under color of state law apart from their purported conspiracy with Mr. Whitbeck, Plaintiff cannot sustain a § 1983 claim against them and Count I must be dismissed.

**B. Count II: Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132**

In Count II of the First Amended Complaint, Plaintiff alleges that Defendants "systematically excluded Plaintiff from participation in and denied him meaningful access to court proceedings based solely on his disabilities" in violation of Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12132. FAC ¶¶ 62–66.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices ... or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). The statute defines "public entity" as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority[.]" 42 U.S.C. § 12131(1).

To state a claim for violation of Title II, the plaintiff must allege that he "(1) has a disability, (2) is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against on the basis of [his] disability." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005). In addition, "[o]nly public entities are subject to Title II." *City & Cnty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 610 (2015) (citing Penns*ylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 208 (1998)).

None of the Defendants named in the First Amended Complaint qualifies as a "public entity" within the meaning of the ADA. To the extent Plaintiff contends that Mr. Whitbeck, and the other Defendants by extension, should be treated as a state actor, the Court has already determined that Mr. Whitbeck did not act under color of state law in connection with the events giving rise to this action. Because Plaintiff has not alleged facts establishing liability under Title II of the ADA, Count II must be dismissed.

**C. Count III: Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203**

In Count III of the First Amended Complaint, Plaintiff alleges that Defendants violated the ADA's retaliation provision, 42 U.S.C. § 12203, by retaliating against him for asserting his ADA rights. FAC ¶¶ 67–70.

The ADA's retaliation provision makes it unlawful to "discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a); *see Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012). "To establish a prima facie retaliation claim under the ADA, a plaintiff must prove (1) he engaged in protected conduct, (2) he suffered an adverse action,

and (3) a causal link exists between the protected conduct and the adverse action." *Reynolds*, 701 F.3d at 154; see Burl*ington N. & Sante Fe Ry. v. White*, 548 U.S. 53, 67-70 (2006); *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 350 (4th Cir. 2011).

The First Amended Complaint identifies several incidents that Plaintiff characterizes as retaliatory. Plaintiff alleges that on January 27, 2025, after receiving Plaintiff's medical records from the Inova Concussion Clinic, Mr. Whitbeck made dismissive comments regarding Plaintiff's need for protected sleep. FAC ¶ 24. The Complaint further alleges that Ms. Davidson mocked Plaintiff's medical limitations on February 17, 2025, and again on June 6, 2025, through statements sent via the OurFamilyWizard platform. *Id.* ¶¶ 32, 34. Plaintiff also alleges that on August 13, 2025, seven days after Plaintiff filed an "Emergency Motion to Strike False Pleadings and for Sanctions" in unrelated state court litigation, Mr. Whitbeck emailed Plaintiff's former counsel threatening to seek sanctions against Plaintiff for filing what he described as a "series of frivolous motions." *Id.* ¶ 47. Plaintiff characterizes this communication as retaliatory. Finally, Plaintiff alleges that Mr. and Mrs. Tobin engaged in coordinated confrontational conduct toward him, including conduct involving his minor children on school property. *Id.* ¶ 43.

Even assuming that Plaintiff meets the first two prongs to establish a prima facie claim of retaliation under the ADA, the First Amended Complaint does not allege facts plausibly establishing a causal connection between Plaintiff's requests for accommodations and the conduct described above, or any of the other conduct alleged in the Complaint. Without factual allegations linking the alleged adverse actions to Plaintiff's protected activity, Plaintiff fails to state a claim for retaliation under the ADA. Accordingly, Count III must be dismissed.

**D. Count IV: 42 U.S.C. § 1985(3)**

In Count IV of the First Amended Complaint, Plaintiff alleges that Defendants conspired to violate Plaintiff's civil rights under 42 U.S.C. § 1985. Specifically, Plaintiff claims that the alleged conspiracy deprived him of rights secured by the First and Fourteenth Amendments to the United States Constitution. FAC ¶ 58.

To state a cause of action under section 1985(3), a plaintiff must allege: "(1) [a] conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus, to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." *Buschi v. Kirven*, 775 F.2d 1240, 1257 (4th Cir. 1985); s*ee also Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971). The Fourth Circuit has further explained that the alleged conspiracy must be motivated by a class-based discriminatory animus directed toward a class possessing "'discrete, insular and immutable characteristics comparable to those characterizing classes such as race, national origin and sex.'" *Buschi*, 775 F.2d at 1257 (citing *Bellamy v. Mason's Stores, Inc.*, 368 F. Supp. 1025, 1028 (E.D. Va. 1973), *aff'd*, 508 F.2d 504 (4th Cir. 1974).

In addition, where "the alleged conspiracy is aimed at a right that is by definition only a right against state interference, such as First and Fourteenth Amendment rights," the plaintiff must also allege state involvement in the conspiracy. *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 825–26 (1983). A plaintiff must also allege facts showing an agreement or "meeting of the minds" among the defendants to violate the plaintiff's constitutional rights. *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995).

Count IV fails for several reasons. First, as discussed above, the First Amended Complaint does not plausibly allege that any Defendant acted under color of state law or otherwise

participated in state action. Second, the Complaint does not allege facts suggesting that Defendants were motivated by a class-based, invidiously discriminatory animus toward Plaintiff based on his "discrete, insular and immutable characteristics." *Buschi*, 775 F.2d at 1257. Finally, the First Amended Complaint contains no factual allegations establishing a "meeting of the minds" among Ms. Davidson, Mr. Whitbeck, and the Tobins to violate Plaintiff's constitutional rights. Instead, the Complaint relies on conclusory assertions of conspiracy unsupported by factual allegations. Accordingly, Count IV must be dismissed.

### E. Count V: Civil Conspiracy

Now that Counts I through IV have been dismissed, the only remaining claim is Count V, which asserts a civil conspiracy under Virginia common law. Plaintiff alleges that "Defendants agreed to commit tortious acts against Plaintiff, including abuse of process, intentional infliction of emotional distress, and systematic targeting of his disabilities." FAC ¶ 78.

Pursuant to 28 U.S.C. § 1367(a), federal courts may exercise supplemental jurisdiction over state-law claims that form part of the same case or controversy as claims within the Court's original jurisdiction. The Court will exercise supplemental jurisdiction over Plaintiff's state-law conspiracy claim because it arises from the same operative facts as his federal claims.

To state a claim for common law civil conspiracy under Virginia law, a plaintiff must allege: "(1) that two or more persons engaged in concerted action; (2) to accomplish some criminal or unlawful purpose, or some lawful purpose by some criminal and unlawful means; and (3) that actual damages resulted from something done by one or more of the conspirators in furtherance of the object of the conspiracy." *Chisolm v. TranSouth Fin. Corp.*, 194 F.R.D. 538, 549 (E.D. Va. 2000) (quoting *America Online, Inc. v. LCGM, Inc.*, 46 F. Supp. 2d 444 (E.D. Va. 1998)). "It is well-settled that both statutory conspiracy and common law conspiracy under Virginia law require

an agreement between two or more parties." *NorthStar Aviation, LLC v. Alberto*, 332 F. Supp. 3d 1007, 1017 (E.D. Va. 2018) (citations omitted).

Here, Plaintiff's conspiracy theory rests on alleged tortious conduct, including "abuse of process, intentional infliction of emotional distress, and systematic targeting of his disabilities." FAC ¶ 78. But, as with his deficient § 1985 claim, Plaintiff fails to plead facts plausibly showing that Defendants reached any agreement to accomplish those alleged torts. Because Plaintiff has failed to allege any facts establishing the existence of such an agreement, Plaintiff cannot sustain a claim for civil conspiracy and Count V must be dismissed.

### F. Motions to Amend the Complaint

Currently pending before the Court are Plaintiff's motions for leave to file a Second, Third, Fourth, and Fifth Amended Complaint. (Dkt. Nos. 29, 33, 41, 43). The motions seeking leave to file the Second, Third, and Fourth Amended Complaints have been superseded by Plaintiff's subsequent filings and will therefore be denied as moot. Because the proposed Fifth Amended Complaint cannot survive a motion to dismiss, the motion for leave to file that complaint will be denied as futile.

A motion for leave to amend the complaint is governed by Fed. R. Civ. P. 15(a), which directs the Court to "freely give leave when justice so requires." The Fourth Circuit has stated that leave to amend under Rule 15(a) should be denied only in three situations: (1) when the opposing party would be prejudiced, (2) when the amendment is sought in bad faith, or (3) when the proposed amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). A proposed amendment is considered futile if it cannot survive a motion to dismiss under Rule 12(b)(6). *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). Likewise, an amendment is

futile when the proposed claim is "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

Plaintiff's proposed Fifth Amended Complaint fares no better than his first. The proposed complaint again asserts claims against the same Defendants for conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3), conspiracy to obstruct justice under 42 U.S.C. § 1985(2), and retaliation and interference under the ADA, 42 U.S.C. § 12203. (Dkt. 43-1 at 19).

First, the Fifth Amended Complaint fails to state a claim for ADA retaliation for the same reasons discussed above. Because Plaintiff fails to allege facts demonstrating that he engaged in protected activity under the ADA, that Defendants retaliated against him because of that protected activity, and that a causal connection exists between the protected activity and Defendants' alleged conduct, the ADA retaliation claim could not survive a motion to dismiss.

Plaintiff's claim for ADA interference under § 12203(b) likewise fails. Section 12203(b) makes it "unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of . . . any right granted or protected by" the ADA. 42 U.S.C. § 12203(b). In *Kelly v. Town of Abingdon, Virginia*, 90 F.4th 158 (4th Cir. 2024), the Fourth Circuit explained that to state a claim for ADA interference a plaintiff must plausibly allege that: (1) he engaged in activity protected by the ADA; (2) he was exercising, or aiding others in exercising, ADA-protected rights; (3) the defendants coerced, threatened, intimidated, or interfered with him because of that protected activity; and (4) the defendants acted with discriminatory intent. *Id.* at 171. In *Kelly*, the Fourth Circuit affirmed dismissal because the plaintiff "offer[ed] no allegation suggesting that the [defendant] harbored a discriminatory motive or took any steps to prevent him from exercising his ADA rights." *Id.* The same deficiency exists here. Plaintiff alleges no facts showing that Defendants acted with discriminatory intent based on his disability or medical conditions or that

their conduct was aimed at preventing him from exercising rights protected by the ADA. Accordingly, the § 12203(b) claim fails.

Finally, Plaintiff's conspiracy claims under § 1985(2) and § 1985(3) fail for substantially the same reasons discussed above. To state a claim under § 1985(3), a plaintiff must allege facts demonstrating that the defendants conspired to violate the plaintiff's constitutional rights. *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995). A claim under § 1985(2) similarly requires factual allegations showing that the defendants conspired to deter a party or witness from attending or testifying in a federal proceeding. *Kush v. Rutledge*, 460 U.S. 719 (1983). Under either provision, a plaintiff must plausibly allege an agreement or "meeting of the minds" among the alleged conspirators. *Simmons*, 47 F.3d at 1377.

The Fifth Amended Complaint contains no facts plausibly demonstrating such an agreement. For example, Plaintiff alleges that Ms. Davidson and Mr. Whitbeck "formed an agreement to advance allegations they knew to be false for use as leverage in litigation" (Dkt. 43-1 ¶ 50), and that Mr. Tobin "provided substantial financial funding for litigation against Plaintiff . . . giving him a direct personal and financial stake in the litigation." (Dkt. 43-1 ¶ 36). These allegations fall far short of establishing the required "meeting of the minds" necessary to support a conspiracy claim under either § 1985(2) or § 1985(3).

Because the proposed Fifth Amended Complaint would not survive a motion to dismiss, amendment would be futile. Accordingly, Plaintiff's Motion for Leave to File a Fifth Amended Complaint will be denied.

### V. Conclusion

For the foregoing reasons, it is hereby

ORDERED that Defendants' Motion to Dismiss (Dkt. 16) is GRANTED; and it is further

ORDERED that Plaintiff's motions for leave to amend the complaint (Dkt. Nos. 29, 33, and 41) are DENIED as moot; and it is further

ORDERED that Plaintiff's Motion for Leave to File a Fifth Amended Complaint (Dkt. 43) is DENIED as futile with prejudice; and it is further

ORDERED that Plaintiff's remaining pending motions (Dkt. Nos. 38, 47, 48, 49, 53, 59, and 60) are DENIED as moot; and it is further

ORDERED that this case is DISMISSED with prejudice.

**IT IS SO ORDERED.**

The Clerk of Court is directed to forward a copy of this Order to Plaintiff *pro se* at his last known address and counsel of record and to terminate this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

March 19, 2026
Alexandria, Virginia